The Second Methodist Episcopal Church in Greenwich, Respondent, *v.* Sarah Humphrey, Appellant.

In an action of ejectment plaintiff claimed title under a deed to it from O. of the lot in question, which was part of a tract of land then owned by O. ; after his death his son, his only heir at law, conveyed to H., under whom defendant claimed the tract; the deed reserved from the grant the lot conveyed to plaintiff.   At the time of the conveyance to H. there was a fence around plaintiff's lot which had been built ten years previously. *Held*, that as the deed to H. recognized the title of plaintiff, and as its lot was practically located and identified, no one claiming under said deed could dispute such title.

(Argued March 14, 1894; decided April 10, 1894.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made November 22, 1892, which affirmed a

judgment in favor of plaintiff entered upon the report of a referee.

This was an action of ejectment.

The premises in question were claimed to have been purchased by plaintiff from one Osmer Dixon, who died in 1849. Defendant claims under a deed from Phineas Dixon, the only heir at law of said Osmer Dixon, to one Aaron M. Hyatt.

The further facts, so far as material, are stated in the opinion.

*R. A. Parmenter* for appellant. The complaint does not sufficiently describe the land claimed by plaintiff to be wrongfully withheld by the defendant. (Code Civ. Pro. § 1511.) The report of the referee does not conform to the requirement of section 1519 of the Code of Civil Procedure. The judgment is also defective. (*Rogers* v. *Sinsheimer*, 50 N. Y. 646–649.) This being an action of ejectment, the plaintiff must stand or fall upon the strength of its own title and not upon the defect in or weakness of the defendant's title, she being in the actual possession. (Code Civ. Pro. §§ 370–375; *Pope* v. *Hammer*, 74 N. Y. 240; *Howell* v. *Leavitt*, 95 id. 617.) The plaintiff having entered upon that part of the Dixon lot in dispute, and having erected a fence without color of title, its possession, whatever it was, must for the purposes of this action be presumed to have been in subservience to the legal title, so that adverse possession never did commence, and no length of time will enable such possession to become adverse and ripen into title sufficient to maintain ejectment. (*Jackson* v. *Thomas*, 16 Johns. 293.) The defendant by her deed produced in evidence by the plaintiff itself established a legal title to the disputed premises in herself, and under section 368 of the Code of Civil Procedure she is presumed to have been possessed of such premises within the time required by law, and the occupation of the premises by the plaintiff is deemed to have been under and in subordination to such legal title, unless the plaintiff by competent evidence has shown that it had been held and possessed adversely to the legal title for

twenty years before the commencement of this action. This legal presumption has not been overcome by the testimony produced on the trial. (*Sherman* v. *Kane*, 86 N. Y. 64; *Doherty* v. *Matsell*, 119 id. 646.)

. *C. C. Van Kirk* for respondent. The referee found, and the General Term sustained it, that plaintiff had title to said premises by adverse possession and was in possession when defendant entered the premises and ousted plaintiff. This finding is correct. (Code Civ. Pro. §§ 371, 372; *La Frombois* v. *Smith*, 8 Cow. 589; *Barnes* v. *Light*, 116 N. Y. 34, 39; *Jackson* v. *Haren*, 7 Cow. 327; *Baker* v. *Oakwood*, 123 N. Y. 16.) The defendant contends that plaintiff has not established title by adverse possession because in 1856 Phineas Dixon, sole heir of Osmer Dixon, was a minor and did not come of age until September, 1865. This claim is untenable. (*Howell* v. *Leavitt*, 95 N. Y. 617; Code Civ. Pro. §§ 371, 372; *Becker* v. *Church*, 115 N. Y. 562.) There is no dispute in this action that plaintiff owns a lot of some size within the premises described in the complaint; it owns at least the land on which the church building stands and the lands south and west of the building. Every conveyance of the lands now held by defendant recognizes the "lot of land sold to the Methodist church," which, it is conceded, means plaintiff. The boundary line between plaintiff's and defendant's lands has been established. (*Reed* v. *Farr*, 35 N. Y. 113; *Jones* v. *Smith*, 64 id. 180; *Baldwin* v. *Brown*, 16 id. 359; *Sherman* v. *Kane*, 86 id. 57; *Gibney* v. *Marchay*, 34 id. 301; *Donohue* v. *Case*, 61 id. 631.) From the foregoing it is clear that the possession of plaintiff prior to the entry of defendant was sufficient *prima facie* proof of title to entitle the plaintiff to recover in this action unless the defendant showed a better title. (*Jones* v. *Smith*, 64 N. Y. 182; *Mayor, etc.*, v. *Carlton*, 113 id. 284.)

*Per Curiam.* The deed from Phineas Dixon to Hyatt reserves from the grant the lot sold to the plaintiff. It is

through this deed that defendant claims title. Her mediate grantor, Phineas Dixon, thus not only reserves the plaintiff's lot from the conveyance to Hyatt, but he recognizes the title of the plaintiff and admits its existence. The evidence in the case plainly locates the lot thus sold. At the very time of the conveyance to Hyatt, there was a fence around the lot of the plaintiff, as now claimed by it, and the fence had been built at that time for at least ten years. The lot sold the plaintiff is thus identified and located practically. No one claiming through the Hyatt deed can dispute the title of the plaintiff to the lot which had been sold to it.

We see no error in the record and the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.